# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

SEAN JAVIER,

          Plaintiff,

    v.

BODE, Correction Officer; DEAN R. WILLIAMS, Head of Corrections; S. THOMAS, Superintendent,

          Defendants.

Case No. 3:24-cv-00099-SLG

## ORDER OF DISMISSAL

On May 1, 2024, self-represented prisoner, Sean Javier ("Plaintiff") filed a complaint, an application to waive prepayment of the filing fee, and a motion for court-appointed counsel.[1] On May 6, 2024, the Court sent Plaintiff a Standing Order for Self-Represented Litigants, which was returned to the Court as undeliverable on May 13, 2024.[2] Then, on July 9, 2024, the Court sent Plaintiff a Notice of Electronic Filing informing Plaintiff that his case had been reassigned to the District Judge Sharon L. Gleason for all future proceedings.[3] The Notice was returned to the Court as undeliverable on July 17, 2024.[4] Plaintiff has not contacted

---

[1] Dockets 1-4.

[2] Dockets 5-6.

[3] Docket 8.

[4] Docket 9.

the Court since he filed this case. According to the Victim Information and Notification Everyday (VINE) service, Plaintiff has been transferred to a federal agency.[5]

The Local Civil Rules require parties to provide current contact information to the Court and all parties.[6] The Court may dismiss an action for failure to comply with a local rule[7] or failure to comply with any order of the Court.[8] Before dismissing a complaint for failure to comply with an order or local rule, courts in the Ninth Circuit must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[9] Dismissal is appropriate "where at least four factors support dismissal ... or where at least three factors 'strongly' support dismissal."[10]

---

[5] The Alaska Department of Corrections provides information regarding inmate's current location and tentative release date through the Victim Information and Notification Everyday (VINE) service at www.vinelink.com.

[6] *See* Local Civil Rule 11.1(b)(2) (requiring self-represented parties to keep the court and other parties advised of the party's current address and telephone number") and Rule 11.1(b)(3) (authorizing dismissal of a case when a self-represented party fails to update their address and any orders or other mail is returned as undeliverable).

[7] *Thompson v. Housing Auth. of L.A.,* 782 F.2d 829, 831 (9th Cir. 1986).

[8] Federal Rule of Civil Procedure 41(b). *See also Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).

[9] *Ferdik,* 963 at 1260-61 (citations omitted).

[10] *Hernandez v. City of El Monte,* 138 F.3d 393, 399 (9th Cir. 1998).

Case No. 3:24-cv-00099-SLG, *Javier v. Bode, et al.*
Order of Dismissal
Page 2 of 3
Case 3:24-cv-00099-SLG   Document 10   Filed 07/18/24   Page 2 of 3

Having considered these factors, this case must be dismissed, as no less drastic alternative is feasible. However, so as to preserve Plaintiff's ability to seek relief, the Court finds that dismissal without prejudice is appropriate in this case.[11]

**IT IS THEREFORE ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. All pending motions are **DENIED as moot.**

3. The Clerk of Court shall issue a final judgment.

DATED this 18th day of July 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

[11] *See, e.g., Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (a district court need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives) (internal citation omitted)).

Case No. 3:24-cv-00099-SLG, *Javier v. Bode, et al.*
Order of Dismissal
Page 3 of 3
Case 3:24-cv-00099-SLG   Document 10   Filed 07/18/24   Page 3 of 3